$400



COFFEY KAYE MYERS & OLLEY
BY: MITCHELL A. KAYE, ESQUIRE
IDENTIFICATION NO. 19349
Suite 718, Two Bala Plaza
Bala Cynwyd, PA 19004
(610) 668-9800

Attorneys For: Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM M. CONRAD | : | CIVIL ACTION **13 4907** |
| Plaintiff | : | |
| vs. | : | |
| CSX TRANSPORTATION, INC. | : | <u>JURY TRIAL DEMANDED</u> |
| c/o Corporation Creation Network, Inc. | : | |
| Defendant | : | NO. |

## **COMPLAINT**

1. The plaintiff herein is William M. Conrad, a citizen and resident of the State of Pennsylvania, residing therein at 1109 South Johns Street, Altoona, PA 16601.

2. This action arises under the Act of Congress, April 22, 1908, c. 149, 35 Stat. 65, and amendments thereto, U.S.C.A. Title 45, §51 et seq., and further amended by the Act of Congress, approved by the President of the United States on August 11, 1939, Chapter 685 - First Session of the 76th Congress, known and cited as "The Federal Employers' Liability Act".

3. The defendant is a corporation duly organized and existing under and by virtue of the

laws of the state of Florida or Virginia, and at all times material hereto does business in the Commonwealth of Pennsylvania.

4. At the time and place hereinafter mentioned and for a long time prior thereto, the defendant, as a common carrier, operated trains carrying passengers, freight, express packages, baggage and foreign and domestic mail, in commerce, between the different states of the United States and its territories.

5. At the time and place hereinafter mentioned, the acts of omission and commission, causing the injuries to the plaintiff, were done by the defendant, its agents, servants, workmen and/or employees, acting in the course and scope of their employment with and under the control of the defendant.

6. At the time and place hereinafter mentioned, the plaintiff and the defendant were engaged in interstate commerce between the different states of the United States and its territories.

7. All of the property, equipment and operations involved in the accident herein referred to were owned by and under the control of the defendant, its agents, servants, workmen and/or employees.

8. As a result of the accident herein referred to, plaintiff has suffered a loss and impairment of earnings and earning power and will suffer the same for an indefinite time in the future; has undergone great physical pain and mental anguish and will undergo the same for an indefinite time in the future; has been obliged to and will have to continue to expend large sums of money in the future in an effort to effect a cure of his aforesaid injuries; has been unable to attend to his usual duties and occupation and will be unable to attend to the same for an indefinite time in the future, all to his great detriment and loss.

9. The accident herein referred to was caused solely and exclusively by the negligence

of the defendant, its agents, servants, workmen and/or employees, and was due in no manner whatsoever to any act or failure to act on the part of the plaintiff.

10. On or about August 26, 2011, at or about 4:00 P.M., plaintiff was employed by defendant, CSX Transportation, Inc.

11. On the aforementioned date, and at the aforementioned time, plaintiff was working at the CSX Yard in Cumberland, Maryland.

12. On the aforementioned date, and at the aforementioned time, plaintiff was traversing a designated walk-way from the yard itself into the parking lot.

13. On the aforementioned date, and at the aforementioned time, there was a rail at the end of the walk-way which was approximately 18 inches high.

14. On the aforementioned date, and at the aforementioned time, unbeknownst to the plaintiff, on the other side of the rail there was a depression located in the parking lot.

15. On the aforementioned date, and at the aforementioned time, as a result of the negligence of the defendant, its agents, servants, workmen and/or employees, as plaintiff was traversing the walkway to the parking lot, the plaintiff stepped over the rail that obstructed his way and stepped into the depression, causing plaintiff to lose his balance and fall.

16. On the aforementioned date, and at the aforementioned time, as plaintiff was falling, in an attempt to break his fall, plaintiff extended his right hand and arm, landing on his hand, and causing the plaintiff to experience immediate pain in his right hand, right arm, right shoulder, neck and back. The aforementioned accident was caused by the negligence and carelessness of the defendant, its agents, servants, workmen and/or employees and was not caused by any conduct on the part of the plaintiff.

17. The negligence of the defendant consisted of the following:

  (a) Failing to inspect the area where plaintiff was required to walk;

  (b) Failing to discover unsafe conditions at the area where plaintiff was required to walk;

  (c) Failing to properly maintain the area where plaintiff was required to walk;

  (d) Failing to repair the area where plaintiff was required to walk;

  (e) Placing obstructions on the walkway that was provided for plaintiff's use;

  (f) Failing to remove obstructions from the walkway which was provided for the plaintiff's use;

  (g) Negligently placing an obstruction on the walkway;

  (h) Failing to remove an obstruction from the walkway;

  (i) Placing an obstruction that was too high on the walkway;

  (j) Improperly blocking the walkway between the yard and parking lot;

  (k) Failing to inspect the parking lot;

  (l) Failing to discover the depression in the parking lot;

  (m) Failing to properly maintain and repair the parking lot;

  (n) Failing to eliminate the depression in the parking lot;

  (o) Failing to make certain that the parking lot was level and safe to traverse;

  (p) Failure to warn plaintiff of these dangerous conditions.

18. The aforesaid accident was caused by the negligence of the defendant, its agents, servants, workmen and/or employees, and by the defendant's violation of "The Federal Employers' Liability Act" and was due in no manner whatsoever to any act or failure to act on the part of the plaintiff.

19. As a result of the aforesaid accident, plaintiff sustained injuries to his body, including

but at this time not limited to, its bones, cells, tissues, nerves, muscles and functions. Plaintiff sustained injuries to his right shoulder, right hand and right arm, neck, back and right hip. Plaintiff suffered post-traumatic cervical spine strain/sprain, post-traumatic cervical spine facet right arthropathy, sprain of the right shoulder, muscle spasms, headaches, constant pain. Some or all of the above injuries are or may be permanent in nature. The full extent of plaintiff's injuries are not presently known.

**WHEREFORE,** plaintiff claims of the defendant, a sum in excess of One Hundred Fifty Thousand Dollars ($150,000.00).

COFFEY KAYE MYERS & OLLEY

BY: _____
**MITCHELL A. KAYE**
Counsel for Plaintiff
