```
               IN THE UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF MARYLAND

WILLIAM M. CONRAD                *

          Plaintiff              *

     vs.                         *   CIVIL ACTION NO. MJG-14-51

CSX TRANSPORTATION, INC.,        *

          Defendant              *

*         *         *         *         *         *         *         *         *
```

## MEMORANDUM AND ORDER RE: RECONSIDERATION

The Court has before it Plaintiff's Annotated Motion for Reconsideration of the Court's June 16, 2015 Order and Judgment Granting CSXT's Motions to Preclude Expert Testimony and for Summary Judgment [Document 50]. The Court finds that neither a response nor a hearing is necessary.

Plaintiff seeks relief pursuant to Rule 59(e) [motion to alter or amend a judgment] and Rule 60(b)(6) [motion for relief from a final judgment for any other reason that justifies relief] of the Federal Rules of Civil Procedure.

Plaintiff's motion was filed on June 24, 2015, within 28 days of the Court entering judgment. Thus, the Court will treat Plaintiff's motion as a Rule 59(e) motion. See, e.g., Lewis v. McCabe, Weisberg & Conway, LLC, No. CIV.A. DKC 13-1561, 2015 WL 1522840, at *1 (D. Md. Apr. 1, 2015) ("Because Plaintiff's motion was filed within 28 days of the court entering judgment it is governed by Fed.R.Civ.P. 59(e) rather than Rule 60(b),

which governs motions for reconsideration filed more than 28 days after judgment."); Classen Immunotherapies, Inc. v. King Pharm., Inc., 981 F. Supp. 2d 415, 419 (D. Md. 2013) ("A motion to alter or amend filed within 28 days of the judgment is analyzed under Rule 59(e); if the motion is filed later, Rule 60(b) controls.").

The United States Court of Appeals for the Fourth Circuit "ha[s] recognized that there are three grounds for amending an earlier judgment" under Rule 59(e):

> (1) to accommodate an intervening change in controlling law;
>
> (2) to account for new evidence not available at trial; or
>
> (3) to correct a clear error of law or prevent manifest injustice.

Pac. Ins. Co. v. Am. Nat. Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998); see also Weyerhaeuser Corp. v. Koppers Co., 771 F. Supp. 1406, 1419 (D. Md. 1991).

A motion for reconsideration "cannot be used to raise arguments which could, and should, have been made before [the determination on which reconsideration is sought was] issued." Fed. Deposit Ins. Corp. v. Meyer, 781 F.2d 1260, 1268 (7th Cir. 1986). Stated differently, "'[a] motion to reconsider is not a license to reargue the merits or present new evidence.'" Gray-

Hopkins v. Prince George's Cnty., Md., 201 F. Supp. 2d 523, 524 (D. Md. 2002) (citation omitted).

Plaintiff states in his motion that he "testified [at his deposition] that the parking lot, that had a hole or depression that contributed to his fall, was unsafe." [Document 50] at 5. However, in his deposition testimony, Plaintiff distinguished between purportedly unsafe "potholes" in the parking lot and the "depression" into which he stepped.  When asked if he "step[ped] in a pot hole," Plaintiff answered "[a] depression."  Conrad Dep. 172:5-6 (emphasis added).  Plaintiff then testified that "guys . . . complained about pot holes and the condition of the parking lot." Id. 203:8-9 (emphasis added).  Moreover, Plaintiff testified that the depression into which he stepped was about three inches deep and "looked like it was where, maybe, a tire spun." Id. 95:8-11, 97:6-8 (emphasis added).  No reasonable jury could find that Defendant failed to provide a reasonably safe workplace by not constantly inspecting the conditions of the parking lot so as to ensure that the lot was clear of three-inch-deep depressions made by a tire spinning out.

Plaintiff also contends that "[t]he Court refused to accept Plaintiff's testimony based on [an] erroneous premise" involving self-serving deposition testimony.  [Document 50] at 7.  The cases upon which Plaintiff relies do not, as Plaintiff contends,

3

mandate that in every situation "when deciding a motion for summary judgment, the non-moving party's deposition <u>must be accepted as true</u> . . . where it is the <u>only evidence to support his claim</u>." <u>See</u> [Document 50] at 9 (emphasis added).  In the cases upon which Plaintiff relies, the court accepted self-serving <u>factual</u> testimony as true when that testimony was the only evidence of the occurrence of a particular fact.[1]  <u>See, e.g.</u>, <u>Johnson v. Toys "R'' US-Delaware, Inc.</u>, 95 F. App'x 1, 6-7 (4th Cir. 2004) ("In her appellate brief, Johnson argues that there is only one piece of direct evidence-the alleged statement by Peters that Toys 'R' Us deactivated the cards because Johnson 'looked suspicious.'  Although Peters denies that he made such a statement, for purposes of summary judgment we must accept Johnson's testimony as true and determine whether a jury could reasonably infer from Peters's statement that Toys 'R' Us deactivated the gift cards because Johnson is an African-American. (internal footnote and citation omitted)); <u>Dukes v.</u>

---

[1]   Plaintiff's reliance on <u>Lambert v. Roechling Auto. Duncan, LLP</u>, No. CA 7:08CV0925GRABHH, 2009 WL 2430661 (D.S.C. Aug. 6, 2009) is misplaced because that case dealt with challenges to a Plaintiff's testimony on evidentiary grounds.  <u>See</u> <u>id.</u> at *6 ("The Court concedes that the plaintiff relies heavily, essentially exclusively, on his own testimony regarding the comments of others.  While this is problematic it is not fatal.  As an initial matter, the Court does not believe the statements are impermissible hearsay.  Namely, the plaintiff has recounted statements made by other employees of the defendant which arguably constitute a party admission admissible under Fed.R.Evid. 801(d)(2)(D). . . . Accordingly, the Court will consider it as effective evidence for purposes of summary judgment." (internal citations omitted)).

Richards, No. 5:06-CT-3094-D, 2009 WL 9056101, at *4 n.4 (E.D.N.C. Aug. 27, 2009) ("For purposes of the summary judgment motion, the court accepts plaintiff's deposition testimony [that a police officer kicked him] as true.  The court notes, however, that each officer involved in the raid provided an affidavit stating that at no point did any of the officers kick or otherwise assault plaintiff, nor did any of them observe the plaintiff being kicked or otherwise assaulted, nor were any of the officers informed by plaintiff that he had been kicked or otherwise assaulted." (citations omitted)).

   Here, however, Plaintiff's self-serving deposition testimony relates, not to a fact – e.g., whether there was a barrier that Plaintiff tripped over - but to Plaintiff's opinion as to whether the barrier was a safety hazard.  That opinion testimony is insufficient to create a genuine issue of material fact preventing summary judgment.

   The Court finds none of the circumstances warranting an amendment of the June 16 Decision to be present in the instant case.  There has been no change in controlling law, and no new evidence has been proffered.  Nor is amendment necessary to correct any error of law or to prevent injustice.  Moreover, to the extent there is anything in the instant motion beyond a restatement of the basic arguments already presented, it does

not add any weight to the arguments rejected in the decision at issue.

For the foregoing reasons:

1. Plaintiff's Annotated Motion for Reconsideration of the Court's June 16, 2015 Order and Judgment Granting CSXT's Motions to Preclude Expert Testimony and for Summary Judgment [Document 50], is DENIED.

2. The Memorandum and Order Re: Summary Judgment and Expert Testimony [Document 45] and the Judgment Order [Document 46] issued herein remain in effect.

SO ORDERED, on <u>Wednesday, June 24, 2015</u>.

_____/s/_____

Marvin J. Garbis
United States District Judge